HAGAN *vs.* RYAN and wife.

1. The burden of proof is on the defendant to show payments on account of the mortgage debt, claimed by the answer.

2. An allegation of the bill that "a great part" of the principal of a mortgage is due, is not conclusive against complainant's claim that all of the principal is due.

3. Such allegation is a mere averment of pleading, and is amendable.

Bill to foreclose. On final hearing on pleadings and proofs.

*Mr. L. Zabriskie*, for complainant.

*Mr. C. H. Winfield*, for defendants.

THE CHANCELLOR.

The question presented is as to the amount due on the mortgage in suit. The mortgage is dated February 9th, 1870. The complainant claims that the whole of the principal, $1378.50, is due, with the interest from February, 1873. The defendants claim that $1405 have been paid on account. No receipts are endorsed on the bond or mortgage, nor did the complainant, or any one in her behalf, ever give any.

Although the defendants produce what are alleged to be copies of memoranda of settlements purporting to have been signed by the complainant, the proof is that they were not signed by her or by her authority or direction. The burden of proof of payment is on the defendants, and the proof on

their part fails to substantiate the allegations of the answer, or to show that any more has been paid than the amount sworn to by the complainant. The proof of the payments set up in the answer, rests upon the testimony of Ryan alone. His testimony is not only unsatisfactory, but fails of corroboration, although he produces as witnesses the persons who, he says, were present on the occasions as to which he testifies. He says he had three settlements with the complainant; one, the first, on the 3d of October, 1871, when it was agreed between them that the complainant had received $900. The second settlement, he says, was on the 12th of March, 1873, when she had received $1175. It appears by his own testimony, that the complainant did not take part in any settlement at that time, and that there was none then made or attempted. The third, he says, was on the 5th of November, 1873. She then received $30, and he says it was agreed between them that she had received $1395, including the $30. He produces what purport to be receipts, of the dates of those alleged settlements, signed by her, for the amounts which he says it was agreed were, on those accounts, found to have been paid; but he admits that she did not sign them. He says she refused to give him any writing on the first and last settlements; and it appears, as before remarked, that there was no settlement made or attempted on the second occasion mentioned by him. He says his wife was present at the alleged settlements. Her testimony, instead of corroborating him, contradicts him, and so does that of his step-son, Foley. Ryan says that he had a book, in which he entered every payment made to the complainant, and that he threw it away after the suit was brought, having first, and after this suit was begun, had a copy of the account of the payments made. The alleged copy shows that the entire amount of his payments was $230. But it is insisted by the defendants' counsel that inasmuch as the bill does not state that all, but only that "a great part" of the principal is due, this should be taken as conclusive against the claim of the complainant that all of the principal is due. This is a mere averment of pleading, and is amend-

able. There will be a decree for the complainant for the amount of the principal of the mortgage, with interest from February 9th, 1873.